# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS CONSERVATIVE UNION;<br>CAROL J. DAVIS; JANET L. SHAW; and<br>LORETTA J. SAVEE,<br><br>       Plaintiffs,<br><br>    v.<br><br>STATE OF ILLINOIS; THE ILLINOIS<br>STATE BOARD OF ELECTIONS; and<br>BERNADETTE MATTHEWS, in her capacity<br>as the Acting Executive Director of the Illinois<br>State Board of Elections,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 20 C 5542<br><br>Judge Sara L. Ellis |

## ORDER

In its June 1, 2021 Opinion and Order [19], the Court reserved ruling on whether Plaintiffs can pursue the NVRA claim against the State and the Board. After supplemental briefing, the Court now denies Defendants' motion to dismiss the NVRA claim based on sovereign immunity. See Statement.

## STATEMENT

Plaintiffs Illinois Conservative Union, Inc. ("ICU"), Carol J. Davis, Janet L. Shaw, and Loretta J. Savee requested that the Illinois State Board of Elections (the "Board") produce electronic voter registration data for Illinois pursuant to Section 8(i) of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20501 *et seq.* After the Board refused to produce the list in an electronic format and limited viewing to a computer terminal at the Board's office, Plaintiffs filed this action against Defendants the State of Illinois (the "State"), the Board, and Bernadette Matthews, in her official capacity as the Board's acting executive director. Plaintiffs request declaratory and injunctive relief that would require Defendants to produce the Illinois voter registration list in a usable, electronic format. Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). The Court concluded that Plaintiffs had sufficiently alleged an injury in fact and that plausible arguments exist to allow their claims under the NVRA and the Equal Protection Clause to proceed against Matthews. Doc. 19. While recognizing that Plaintiffs cannot pursue their equal protection claim against the State and the Board, the Court reserved ruling on whether sovereign immunity bars Plaintiffs' NVRA claims against them. *Id.* at 16–19. After supplemental briefing on this question, the

Court finds that sovereign immunity does not protect the State and the Board from Plaintiffs' NVRA claim.[1]

The Eleventh Amendment bars suits brought against a State in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). Sovereign immunity does not apply where a State consents to suit or federal legislation abrogates the immunity pursuant to a constitutional grant of authority. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)).

Plaintiffs make two arguments as to why sovereign immunity does not apply to their claims, contending that Congress abrogated sovereign immunity in the NVRA and that the States "consented to suit in the plan of the Convention," in other words, in "the structure of the original Constitution itself." *PennEast Pipeline Co. v. New Jersey*, --- U.S. ----, 141 S. Ct. 2244, 2258–59 (2021). The Court need only address the latter argument.

Although the Supreme Court has held that Congress cannot abrogate the States' immunity pursuant to its Article I powers, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 64 (1996), under the plan of the Convention doctrine, no Congressional abrogation is required where the States implicitly agreed to give up aspects of their sovereign immunity by joining together to create the federal government, *PennEast*, 141 S. Ct. at 2259 ("[W]here the States 'agreed in the plan of the Convention not to assert any sovereign immunity defense,' 'no congressional abrogation [is] needed.'" (second alteration in original) (quoting *Allen v. Cooper*, --- U.S. ----, 140 S. Ct. 994, 1003 (2020))). The Supreme Court has recognized that the plan of the Convention doctrine applies to bankruptcy proceedings, *Cent. Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 363 (2006), suits by other States, *South Dakota v. North Carolina*, 192 U.S. 286, 318 (1904), suits by the federal government, *United States v. Texas*, 143 U.S. 621 (1892), and the exercise of federal eminent domain power, *PennEast*, 141 S. Ct. at 2259.

Here, the Court focuses on the Constitution's Elections Clause, pursuant to which Congress enacted the NVRA. *See League of Women Voters of Ind., Inc. v. Sullivan*, 5 F.4th 714, 723 (7th Cir. 2021) ("Congress's authority for the NVRA is rooted in the Constitution itself, whose Elections Clause expressly empowers Congress to make or alter state election regulations." (citation omitted) (internal quotation marks omitted)). The Supreme Court has recognized that the Elections Clause expressly delegates power concerning federal elections to the States, meaning that the Constitution divested the States of any original power over elections and gave that power to the federal government. *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 804–05 (1995) ("[T]he provisions governing elections reveal the Framers' understanding that powers over the election of federal officers had to be delegated to, rather than reserved by, the States."); *see also Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 14–15 (2013) ("[T]he States' role in regulating congressional elections—while weighty and worthy of respect—has always existed subject to the express qualification that it 'terminates according to federal law.'" (quoting *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 347 (2001)));

---

[1] The Court assumes the reader's familiarity with the facts of this case, as discussed in its June 1, 2021 Opinion and Order, Doc. 19, and so does not repeat them here.

*Harkless v. Brunner*, 545 F.3d 445, 454–55 (6th Cir. 2008) ("In ratifying Article I, Section 4, the states . . . gave Congress plenary authority over federal elections."). Thus, "[w]hen it comes to time, place, and manner regulations for federal elections, the Constitution primarily treats states as election administrators rather than sovereign entities." *Harkless*, 545 F.3d at 454. In other words, in the Constitution, the States consented to suit for claims related to the time, place, and manner of federal elections, including the claim raised by Plaintiffs concerning the State and the Board's compliance with the NVRA. *See Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 549 (1985) (the States retain sovereign immunity but "only to the extent that the Constitution has not divested them of their original powers and transferred those powers to the Federal Government"); *ACORN v. Edgar*, 56 F.3d 791, 796 (7th Cir. 1995) ("[I]n this case Illinois advances the . . . notion that to make a state administer federal elections fatally compromises state sovereignty. That particular 'fatal compromise,' however, is built into the Constitution, precisely in Article I section 4, the first sentence of which places the burden of administering federal elections on the states."); Franita Tolson, *The Spectrum of Congressional Authority Over Elections*, 99 B.U. L. Rev. 317, 324 n.19 (2019) ("[T]he Elections Clause implicates federal rights protected by both Article I, Section 2 and the Equal Protection Clause that do not predate the existence of the Union such that the states have some preexisting claim to state sovereignty." (citing *U.S. Term Limits*, 514 U.S. at 802)). Therefore, under the plan of the Convention doctrine, the Court finds that Plaintiffs may proceed against the State and the Board and denies the State and the Board's motion to dismiss the NVRA claim based on sovereign immunity.


Date: September 28, 2021                          /s/ Sara L. Ellis_____