IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS CONSERVATIVE UNION, CAROL J. DAVIS, JANET L. SHAW, and LORETTA J. SAVEE, | ) ) ) ) | |
| Plaintiffs, | ) ) | 20 CV 5542 |
| v. | ) ) ) | District Judge Sara L. Ellis |
| | ) ) | Magistrate Judge Beth W. Jantz |
| STATE OF ILLINOIS, THE ILLINOIS STATE BOARD OF ELECTIONS, and BERNADETTE MATTHEWS, in her capacity as the Executive Director of the Illinois State Board of Elections, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants the State of Illinois, Illinois State Board of Elections, and Acting Executive Director Bernadette M. Matthews[1] (hereinafter, "Defendants"), by their attorney, Kwame Raoul, Attorney General of the State of Illinois, for their answer to Plaintiffs' complaint and affirmative defenses state as follows:

1. Plaintiffs seeks declaratory and injunctive relief to compel Defendants to comply with their record production obligations under Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507 and for violations of the Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment.

**ANSWER: Defendants admit that Plaintiffs bring this lawsuit pursuant to the above-referenced statutes, but Defendants deny that they engaged in unlawful conduct.**

**JURISDICTION AND VENUE**

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Acting Executive Director Bernadette M. Matthews is automatically substituted for former Executive Director Steve Sandvoss.

1

2. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States and under 52 U.S.C. § 20510(b)(2), as the action seeks injunctive and declaratory relief under the NVRA.

**ANSWER: Defendants admit the allegations contained in this paragraph, but deny that the Court has subject matter jurisdiction.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a defendant resides in this district and all defendants reside in Illinois, and because a substantial part of the events and omissions giving rise to the claims herein occurred in this district.

**ANSWER: Defendants admit that venue is proper.**

## PARTIES

4. Plaintiff Illinois Conservative Union, Inc. ("Conservative Union") is a not-for-profit, non-partisan 501(c)(4) organization incorporated under the laws of the Illinois and headquartered at PO Box 88341, Carol Stream, IL 60188-8341.

**ANSWER: Upon information and belief, Defendants deny the allegations contained in this paragraph.**

5. Plaintiff Carol J. Davis is a resident and a lawfully registered voter in Illinois. Ms. Davis is the Chairman of the Conservative Union.

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

6. Plaintiff Janet L. Shaw is a resident and a lawfully registered voter in Illinois. Ms. Shaw is Vice-Chair of the Conservative Union and co-chair of the Conservative Union's Illinois Election Integrity Program.

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

7. Plaintiff Loretta J. Savee is a resident and a lawfully registered voter in Illinois. Ms. Savee is a co-chair of the Conservative Union's Illinois Election Integrity Program.

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

8. Defendant State of Illinois is a "State" subject to the requirements of the NVRA. 52 U.S.C. §§ 20502(4), 20503.

**ANSWER: Defendants admit that the State of Illinois is a state, but deny that this paragraph contains a complete or accurate statement of law, and deny the remaining allegations of this paragraph.**

9. Defendant Illinois State Board of Elections (the "State Board") is an independent state agency created under the laws of the State of Illinois. It is responsible for supervising the administration of registration and elections laws throughout the State and is the entity charged with maintaining the centralized voter registration database required by the Help America Vote Act of 2002. 10 ILCS 5/1A-8; 10 ILCS 5/1A-25. It also has the authority to carry out the rules necessary to implement the voter registration form prescribed by the NVRA. 10 ILCS 5/1A-16(d-5).

**ANSWER: Defendants admit the allegations contained in this paragraph.**

10. Defendant Steve S. Sandvoss is the Executive Director of the Illinois State Board of Elections and the Chief State Election Official of the State of Illinois, responsible for coordinating the State's compliance with the NVRA. 26 Ill. Adm. Code § 216.100(b)-(c); 52 U.S.C. § 20509. He is sued in his official capacity.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## BACKGROUND FACTS

11. The NVRA requires states to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" by reason of death or a change in residence. 52 U.S.C. § 20507(a)(4).

**ANSWER: Defendants admit the allegations contained in this paragraph.**

12. Section 8(i) of the NVRA grants the public the right to request information concerning this federally required voter list maintenance. Specifically, it provides that "[e]ach State shall maintain for at least 2 years and shall make available for public inspection" and copying "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i).

**ANSWER: Defendants deny that this paragraph contains a complete or accurate statement of law, and deny the allegations of this paragraph.**

13. Plaintiff Conservative Union's mission is to engage and educate grassroots conservative activists throughout Illinois. Their goal is to have a positive impact on the financial

3

and moral trajectory of the state of Illinois. Plaintiff fulfills its mission, among other means, through public records requests.

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

14. Over the past several years, Plaintiff Conservative Union and its members have become increasingly concerned about the accuracy and currency of Illinois' voter registration rolls including whether state and local officials are complying with the NVRA's voter list maintenance obligations.

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

15. Members are concerned that failing to comply with the NVRA's voter list maintenance obligations undermines the integrity of elections by increasing the opportunity for improper voting, out-of-jurisdiction voting, double voting, and fraudulent voting, among other concerns.

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

16. In response to this concern, Plaintiff Conservative Union launched an election integrity program to monitor Illinois state and local election officials' compliance with the NVRA. As part of this program, Plaintiff Conservative Union has utilized the public disclosure provision of NVRA Section 8(i) to request and receive records from jurisdictions across Illinois about their voter list maintenance efforts.

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

17. On July 24, 2019, Plaintiff Conservative Union sent a request for public records pursuant to Section 8(i) of the NVRA to the Defendant Executive Director of the Illinois State Board of Elections (attached hereto as Exhibit 1). The letter was signed by Plaintiffs.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

18. Plaintiff Conservative Union requested several kinds of records related to list maintenance, including the most recent voter registration list for Illinois.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

19. The letter expressly stated the records would be used solely for purposes intended by federal law, namely, to ensure the accuracy and currency of the official list of eligible voters and would not be used for any other purpose.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

20. Plaintiff Conservative Union filled out the required procedural paperwork and submitted the appropriate payment to obtain the records.

**ANSWER: Defendants deny that they accepted payment, but admit the remaining allegations contained in this paragraph.**

21. On August 14, 2019, Defendant State Board's Public Information Officer responded to Plaintiff Conservative Union's request (attached hereto as Exhibit 2). In that letter, Defendant State Board denied Plaintiff Conservative Union's request for the official list of eligible voters. According to Defendant State Board, Illinois law prohibits electronic release of voter data except to "registered political committees and governmental bodies." Accordingly, "the full voter database would not be available to" Plaintiff Conservative Union.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

22. Plaintiff Conservative Union is neither a registered political committee nor a governmental body.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

23. Defendant State Board informed the Conservative Union that any information regarding Illinois' list maintenance efforts would "be made available during our normal business hours" at Defendant State Board's Springfield, Illinois main office.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

24. On August 28, 2019, three members of Plaintiff Conservative Union, Janet Shaw, Loretta Savee, and Nancy Hayes, traveled to Defendant State Board's Springfield, Illinois main office to inspect and obtain copies of the official list of eligible voters. They were informed there by Cheryl A. Hobson, Deputy Director of Voter Registration for Defendant State Board, that they were prohibited from receiving copies of the statewide voter registration list under Illinois law. According to Ms. Hobson, Illinois law allowed distribution of the statewide voter registration list only to "political committees" or a "governmental body."

**ANSWER: Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

25. Plaintiff Conservative Union members were only allowed to review the voter records one at a time on a computer terminal, with very limited query abilities, and no ability to sort, or organize the millions of individual voter records. It was not possible to assess the effectiveness of Illinois' programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters by viewing voter records one at a time on a computer screen.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

26. On November 18, 2019, Plaintiffs sent a letter to Defendants (attached hereto as Exhibit 3) notifying them, pursuant to 52 U.S.C. 20510(b), that they were in violation of Section 8(i) of the NVRA by failing to produce the requested voter registration list to Plaintiffs. Defendants received the letter on November 27, 2019.

**ANSWER: Defendants admit the allegations contained in this paragraph, but Defendants deny that they engaged in unlawful conduct.**

27. Defendants have not produced the requested electronic voter registration data to the Conservative Union.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

28. Defendants have not otherwise responded to the Conservative Union's November 18, 2019 letter.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

## Count I

### (*Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)*)

29. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

**ANSWER: Defendants hereby incorporate their respective answers to each paragraph of this Complaint for their answer to this paragraph as if fully set forth herein.**

30. Section 8(i) of the NVRA conveys Congress's intention that the public should be able to monitor the state of the voter rolls and the adequacy of election officials' list maintenance programs.

**ANSWER: Defendants deny that this paragraph contains a complete and accurate summary of the above-referenced statute, and deny the allegations of this paragraph.**

31. Records covered under Section 8(i) are available to any member of the public.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

32. The statewide voter registration list requested by Plaintiffs are records covered under Section 8(i).

**ANSWER: Defendants deny the allegations contained in this paragraph.**

33. Defendants have failed to produce those records, except in a manner that ensures that they are unusable by Plaintiffs and worthless for any purposes intended by Congress.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

34. There is no legal basis for restricting the distribution of the voter registration list only to a State, political committee, or governmental body.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

35. There is no legal basis for withholding the voter registration list from civic groups like the Conservative Union or from its individual members.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

36. To the extent that Illinois law denies the Conservative Union and its members the ability to obtain documents to which they are entitled under Section 8(i) of the NVRA, Illinois law obstructs the effective implementation of the NVRA, hinders the realization of its enumerated purposes, is contrary to it, and is preempted and superseded by the NVRA.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

37. Plaintiffs are persons aggrieved by a violation of the NVRA. 52 U.S.C. § 20510(b)(1).

**ANSWER: Defendants deny the allegations contained in this paragraph.**

38. The November 18, 2019 Notice Letter provided statutory notice of a violation of the NVRA.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

39. Plaintiffs have suffered and will continue to suffer irreparable injury as a result of Defendants' failure to fulfill their obligations under Section 8(i) of the NVRA.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## Count II

***(Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983)***

**The Court dismissed Plaintiffs' Equal Protection claim against the State of Illinois and the Board of Elections (ECF No. 160), and so only Defendant Matthews answers the following allegations.**

40. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

**ANSWER: Defendant Matthews hereby incorporates her respective answers to each paragraph of this Complaint for her answer to this paragraph as if fully set forth herein.**

41. Illinois law (specifically 10 ILCS 5/1A-25) authorizes a "political committee" to obtain access to the State's voter registration list.

**ANSWER: Defendant Matthews denies that this paragraph accurately quotes the above-referenced statute and denies the allegations contained in this paragraph to the extent Plaintiffs allege Defendant Matthews engaged in unlawful conduct.**

42. Illinois law implicitly forbids politically concerned non-profit organizations including the Conservative Union, from obtaining meaningful access to the State's voter registration list.

**ANSWER: Defendant Matthews denies the allegations contained in this paragraph.**

43. There is no rational basis for allowing local political committees to access the State's voter registration list while denying access to non-profit organizations like the Conservative Union.

**ANSWER: Defendant Matthews denies the allegations contained in this paragraph.**

44. Illinois law violates Plaintiffs' rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment.

**ANSWER: Defendant Matthews denies the allegations contained in this paragraph.**

45. Defendants have acted and, unless enjoined, will act under color of state law to deprive Plaintiffs of their rights under the Fourteenth Amendment.

**ANSWER: Defendant Matthews denies the allegations contained in this paragraph.**

46. Plaintiffs will suffer serious and irreparable harm to their constitutional and statutory rights unless Defendants are enjoined from denying Plaintiffs access to Illinois' voter registration list.

**ANSWER: Defendant Matthews denies the allegations contained in this paragraph.**

47. Plaintiffs have no adequate remedy at law.

**ANSWER: Defendant Matthews denies the allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims against the State of Illinois and its State Board of Elections are barred by sovereign immunity under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Kroll v. Bd. of Trustees of Univ. of. Ill.*, 934 F.2d 904, 907 (7th Cir. 1991).

2. To satisfy the standing requirements for injunctive relief, the plaintiffs must show that they are "under an actual or imminent threat of suffering a concrete and particularized 'injury in fact'"; that this injury is fairly traceable to the defendant's conduct; and that it is likely that a favorable judicial decision will prevent or redress the injury." *Common Cause Ind. v. Lawson*, 937 F.3d 944, 947 (7th Cir. 2019) (citing *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009)). Here, Plaintiffs were already provided access to voter registration lists and have failed to adequately articulate how they have been harmed. Therefore, Plaintiffs lack standing to bring this action and the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

3.      For the reasons outlined in Defendants' motion to dismiss and supplemental filings, Plaintiffs fail to state a claim that the National Voter Registration Act was violated or that it preempts Illinois law pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5 & 17).

4.      For the reasons outlined in Defendants' motion to dismiss and supplemental filings, Plaintiffs' Fourteenth Amendment equal protection claim fails because Section 1A-25 is rationally related to a legitimate state interest. (*Id.*)

**WHEREFORE**, Defendants deny Plaintiffs are entitled to any relief, respectfully requests that judgment be entered in Defendants' favor and against Plaintiff in this matter on all counts, including the costs of defending this suit, and any other relief this Court deems necessary and proper.

Respectfully submitted,

KWAME RAOUL
Attorney General

By:   */s/ Kelly C. Bauer*
KELLY C. BAUER
ASSISTANT ATTORNEY GENERAL
Office of the Illinois Attorney General
General Law Bureau – Civil Rights Unit
100 W. Randolph St., 13th Floor
Chicago, IL 60601
Kelly.bauer@ilag.gov