**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS CONSERVATIVE UNION, CAROL J. DAVIS, JANET L. SHAW, and LORETTA J. SAVEE, | ) ) ) ) | |
| Plaintiffs, | ) ) | 20-cv-5542 |
| v. | ) ) | District Judge Sara L. Ellis |
| ILLINOIS; THE ILLINOIS STATE BOARD OF ELECTIONS; and BERNADETTE M. MATTHEWS, in her capacity as the Executive Director of the Illinois State Board of Elections, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Beth W. Jantz |
| Defendants. | ) | |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** The current centralized statewide list of registered voters for Illinois (the "Illinois Voter Registration List"), all Illinois Voter Registration Lists subsequently requested by Plaintiffs pursuant to the Settlement Agreement and General Release that will be entered into by the parties after entry of this Agreed Confidentiality Order, and the information contained therein: the registrant's full name, residential street address and name, apartment number (if applicable), mailing address number and name, city and zip code, email address (except email addresses of overseas military members), telephone number, county and state voter identification number, age of the registrant, and the registrant's status (active or inactive) and the date the status was changed. For purposes of this order, Plaintiffs are defined as the Illinois Conservative Union, Carol J. Davis, Janet Shaw, and Loretta Savee.

2. **Confidential Information.** As used in this Order, "Confidential Information" means the current Illinois Voter Registration List, all Illinois Voter Registration Lists subsequently requested by Plaintiffs pursuant to any Settlement Agreement and General Release entered into by the Parties, and the information contained therein: the registrant's full name, residential street address and name, apartment number (if applicable), mailing address number and name, city and zip code, email address (except email addresses of overseas military members), telephone number, county and state voter identification number, age of the registrant, and the registrant's status (active or inactive) and the date the status was changed. For voters protected by the Judicial Privacy Act, 705 ILCS 90 *et seq.*, the Address Confidentiality for Victims of Domestic Violence, Sexual Assault, Human Trafficking, or Stalking Act, 750 ILCS 61 *et seq.*, or any other state or federal statute requiring confidentiality, voter information will be excluded or redacted as required by law.

3. **Protection of Confidential Material**

    a. **General Protections.** Confidential Information shall not be used or disclosed by the Plaintiffs, counsel for the Plaintiffs, or any other persons identified in subparagraph (b) for any purpose whatsoever.

    b. **Limited Third-Party Disclosures.** The Plaintiffs and counsel for the Plaintiffs shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(2). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        (1) **Parties.** Plaintiffs and their directors, employees, contractors, agents or attorneys, provided that each such individual agrees to keep confidential and not further disclose the contents of the Illinois Voter Registration List (*see* Attachment A); and

     (2) **Counsel.** Counsel for the Plaintiffs and employees of counsel who have responsibility for the action.

   c. **Control of Documents.** The Plaintiffs and their counsel shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. All persons identified in subparagraph b of this paragraph shall be required to sign the Acknowledgment and Agreement to be Bound, attached as Attachment A to this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the expiration on December 31, 2026 of the Settlement Agreement and General Release.

  4. **Confidential Information Subpoenaed For or Ordered Produced in Other Litigation**.

   a. If Plaintiffs or its directors, employees, agents or attorneys are served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify Defendants, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   b. Plaintiffs also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, Plaintiffs must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

   c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford Defendants in this case an opportunity to try to protect

its Confidential Information in the court from which the subpoena or order issued. Defendants shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

5. **Obligations on Expiration of Settlement Agreement and General Release**

   a. **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   b. **Obligations at Expiration of Settlement Agreement and General Release.** Within sixty (60) days after the expiration of the Settlement Agreement and General Release on December 31, 2026, all Confidential Information produced pursuant to this Order and the Settlement Agreement and General Release, shall be destroyed by Plaintiffs and Plaintiffs shall certify to the Defendants that they have done so.

   c. **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information. Any retained Confidential Information shall continue to be protected under this Order.

6. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating settlement.

Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Illinois Supreme Court Rule 201 or otherwise until such time as the Court may rule on a specific document or issue. No provision shall be construed to prevent Plaintiffs from seeking a judicial modification of this Order for purposes of pursuing legal remedies in any future judicial action, provided that any Confidential Information used would be filed under seal. Defendants and other interested parties may oppose such a motion if it is filed.

7. **Breach of Order.** Any violation of this Order, as set forth herein, may result in contempt of Court. And upon such violation, the terms may be enforced by any party in an action for relief including, but not limited to, damages for breach of contract, injunctive relief or other equitable relief, with the Court retaining jurisdiction over the Order.

8. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

E N T E R:

Dated: June 21, 2023

*/s/ Beth W. Jantz*
_____
BETH W. JANTZ
United States Magistrate Judge

WE SO MOVE
and agree to abide by the
terms of this Order

WE SO MOVE
and agree to abide by the
terms of this Order

| | |
|---|---|
| /s/ *Eric W. Lee* <br> Eric W. Lee* <br> JUDICIAL WATCH, INC. <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024 <br> Phone: (202) 646-5172 <br> elee@judicialwatch.org <br><br> Stephen F. Boulton <br> Boulton & Associates <br> 123 North Wacker Drive, Suite 1800 <br> Chicago, Illinois 60606 <br> Phone: (312) 343-3228 <br> Facsimile: (773) 697-7046 <br> sboulton@peraica.com <br><br> *Attorneys for Plaintiffs* <br><br> *Admitted pro hac vice* | /s/ Maggie Jones <br> MAGGIE JONES <br> ASSISTANT ATTORNEY GENERAL <br> Office of the Illinois Attorney General <br> General Law Bureau – Civil Rights Unit <br> 100 W. Randolph St., 13th Floor <br> Chicago, IL 60601 <br> (872) 272-0772 <br> (312) 814-1154 (FAX) <br> Margaret.Jones@ilag.gov <br><br> *Attorney for Defendants* |

ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS CONSERVATIVE UNION, CAROL J. DAVIS, JANET L. SHAW, and LORETTA J. SAVEE, | ) ) ) ) | |
| Plaintiffs, | ) ) | 20-cv-5542 |
| v. | ) ) | District Judge Sara L. Ellis |
| ILLINOIS; THE ILLINOIS STATE BOARD OF ELECTIONS; and BERNADETTE M. MATTHEWS, in her capacity as the Executive Director of the Illinois State Board of Elections, | ) ) ) ) ) ) ) ) ) | Magistrate Judge Beth W. Jantz |
| Defendants. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated ____June 21, 2023_____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois, in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Signature: _____

Dated: _____